UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JANET BLAKE, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| vs. | ) | Case No. 4:08CV00821 ERW |
| CAREER EDUCATION CORPORATION, and SANFORD BROWN COLLEGE, INC. | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss [doc. #9].

**I.    BACKGROUND**

On February 29, 2008, Janet Blake, Madison Leuschke, Tish Pate, Holly Moyer, Caley Mason, and Petite Smothers (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, filed a Class Action Petition for Damages against Career Education Corporation and Sanford Brown College, Inc. (collectively, "Defendants"). In their Class Action Petition, Plaintiffs alleged that Defendants violated the Missouri Merchandising Practices Act ("MMPA"), "by purposefully employing a pattern and practice of deception, fraud, and misrepresentation in the sale of the Criminal Justice Degree Programs to potential students." Specifically, Plaintiffs allege that Defendants' employees and agents "made misrepresentations to [Plaintiffs] which deceived them to believe that associate and/or bachelor criminal justice degrees from Sanford Brown College, Inc. were valuable when in reality the degrees had little to no practical value in the real world."

Plaintiffs initially sued Defendants in the Circuit Court of the County of St. Louis, Twenty-First Judicial Circuit. The case was removed to this Court on June 5, 2008, on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. On June 12, 2008, Defendants filed the pending Motion to Dismiss, arguing that Plaintiffs' claims should be dismissed pursuant to Federal Rule of Civil Procedure 9(b), which requires fraud to be plead with particularity. Defendants further assert that Plaintiffs' claims for injunctive relief should be dismissed because such relief would not be directed toward the Plaintiffs themselves, rather it would affect only future students and the public at large.

The Motion to Dismiss was stayed, pending a ruling by this Court on Plaintiffs' Motion to Remand. On September 4, 2008, the Court denied Plaintiffs' Motion to Remand and the stay on the Motion to Dismiss was lifted. Defendants' Motion is now fully briefed and is currently pending before this Court.

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a defendant may file a motion to dismiss for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court must assume that all material facts alleged in the complaint are true. *Davis v. Monroe City Bd. of Educ.*, 526 U.S. 629, 633 (1999). Further, the court must view all facts and inferences in the light most favorable to the non-moving party. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* A dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that

2

there is some insuperable bar to relief." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) (*quoting Frey v. Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)). The issue on a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his or her claim. *Schuer v. Rhodes*, 416 U.S. 232, 236 (1976). However, to avoid dismissal under Rule 12(b)(6), "the complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 627 (8th Cir. 1999).

## III. DISCUSSION

### A. FAILURE TO PLEAD FRAUD WITH PARTICULARITY

1. *Applicability of Federal Rule of Civil Procedure 9(b)*

In contrast to the general notice pleading required by the Federal Rules of Civil Procedure, Rule 9(b) requires that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Plaintiffs have brought their claims under the Missouri Merchandising Practices Act ("MMPA"), alleging that Defendants made misrepresentations regarding the Criminal Justice Degree program, and engaged in deception and unfair practices. Although their claims clearly involve allegations of fraudulent conduct, Plaintiffs argue that the Rule 9(b) heightened pleading requirements do not apply to their claims; rather, in their Memorandum in Opposition to Defendants' Motion to Dismiss, they argue, without offering support, that "a lower pleading standard likely applies to a claim under the [MMPA] than to a common law fraud claim."

The MMPA is a broad statute, prohibiting "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or the

3

concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . ." Mo. Rev. Stat. § 407.020.1. However, there is no indication that the Rule 9(b) heightened pleading requirements are relaxed under the statute. Rather, "'Rule 9(b)'s particularity requirements apply with equal force to state consumer fraud statutes as they do to common law fraud claims.'" *Lavender v. Wolpoff & Abramson, L.L.P.*, 2007 WL 2507752, at *2 (W.D. Mo. Aug. 30, 2007) (quoting *Courchene v. Citibank N.A.*, 2006 WL 2192110, at *2 (W.D. Mo. Aug. 1, 2006)). The United States District Courts in Missouri have consistently applied Rule 9(b) to cases arising under the MMPA. *See Lavender*, 2007 WL 2507752, at *2; *Owen v. Gen. Motors Corp.*, 2006 WL 2808632, at *7-*8 (W.D. Mo. Sept. 28, 2006), *aff'd*, 533 F.3d 913 (8th Cir. 2008); *Mattingly v. Medtronic, Inc.*, 466 F. Supp. 2d 1170, 1173-74 (E.D. Mo. 2006); *Courchene*, 2006 WL 2192110, at *2; *Baryo v. Philip Morris USA, Inc.*, 435 F. Supp. 2d 961, 968 (W.D. Mo. 2006).

Thus, the Court will apply the Rule 9(b) heightened pleading requirements to Plaintiffs' MMPA fraud claims.

2.  *Compliance with Federal Rule of Civil Procedure 9(b)*

Under the heightened pleading requirements of Rule 9(b), an allegation of fraud or mistake must "'include such matters as the time, place, contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given thereby.'" *Commercial Prop. Invs., Inc. v. Quality Inns Int'l, Inc.*, 61 F.3d 639, 644 (8th Cir. 1995) (quoting *Bennett v. Berg*, 685 F.2d 1053, 1062 (8th Cir. 1982)). More simplistically, "the complaint must identify the 'who, what, where, when, and how' of the alleged fraud." *U.S. ex*

4

*rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006) (quoting *U.S. ex rel. Costner v. URS Consultants, Inc.*, 317 F.3d 883, 888 (8th Cir. 2003)).

In their Class Action Petition for Damages, Plaintiffs merely allege that, at some point over a period of five years, one of the six named Plaintiffs received information from one of the five named, or the many unnamed admissions representatives, regarding Sanford Brown College's Criminal Justice Degree Programs. They also included seven misrepresentations[1] that they allege to have been made by admissions representatives, but note that the list is not inclusive. These allegations are extremely broad, and notably fail to mention: (1) which particular admissions representative (named or unnamed) made each of the alleged fraudulent misrepresentations to each of the named Plaintiffs; (2) the content of each of the alleged fraudulent misrepresentations; (3) at which campus each of the alleged fraudulent misrepresentations took place; (4) the precise date on which each of the alleged fraudulent misrepresentations was made by an admissions representative; and (5) through what method each of the alleged fraudulent misrepresentations was communicated by the admissions representative to the named Plaintiff.[2] These unmentioned

---

[1]The seven misrepresentations specifically set forth by Plaintiffs in their Class Action Petition for Damages are: "(a) Tuition would be a set or fixed amount; (b) The instructors in the criminal justice program were experienced and well qualified in teaching the subject matter of their respective courses; (c) There would be 'hands on' training; (d) Job placement upon graduation was guaranteed; (e) Graduates of the Criminal Justice Degree Programs could reasonably expect an annual salary of $45,000 to $65,000 per year; (f) [Sanford Brown College] credit hours were transferable to other colleges and universities in the St. Louis, Missouri metropolitan area; (g) A bachelor degree in criminal justice from [Sanford Brown College] would serve as a sufficient foundation for consideration and acceptance into law school."

[2]In their Memorandum in Opposition to Defendants' Motion to Dismiss, Plaintiffs argue that they were not required to give all of this information to Defendants because "Defendants can obtain such information from a review of their business records." This argument is not persuasive, as Defendants are not required to piece together Plaintiffs' claims for them.

5

facts are the "who, what, where, when, and how" of the fraud alleged by Plaintiffs. Plaintiffs have failed to plead their MMPA fraud claims with particularity; thus, they have failed to comply with Rule 9(b)'s heightened pleading requirements.

In their Memorandum in Opposition to Defendants' Motion to Dismiss, Plaintiffs argue that their MMPA fraud claims are based on "a systemic scheme to defraud perpetrated by the entire corporate family." However, even if Plaintiffs are in fact basing their claims on an alleged pattern and practice of fraud, rather than on specific instances of alleged fraud, their Petition still does not meet the heightened pleading requirements of Rule 9(b). The Eighth Circuit has established that, when there is an allegation of a systemic practice of fraud,

> neither this court nor Rule 9(b) requires [the plaintiff] to allege specific details of *every* alleged fraudulent claim forming the basis of [the plaintiff's] complaint. However, to satisfy Rule 9(b)'s particularity requirement and to enable [the defendants] to respond specifically to [the] allegations, [the plaintiff] must provide *some* representative examples of their alleged fraudulent conduct, specifying the time, place, and content of their acts and the identity of the actors.

*Joshi*, 441 F.3d at 557. As previously noted, Plaintiffs failed to provide time, place, and content information for any of the instances of alleged fraudulent conduct. Thus, even if Plaintiffs' claims are based on systemic fraud, they have failed to comply with the heightened pleading requirements of Rule 9(b).

As a result of Plaintiffs' failure to comply with the heightened pleading requirements of Rule 9(b), the Court will grant Defendants' Motion to Dismiss with respect to Plaintiffs' MMPA fraud claims. However, because the Federal Rules of Civil Procedure instruct courts to liberally allow amendments to pleadings, Fed. R. Civ. P. 15(a)(2), this Court will grant Defendants' Motion without prejudice and grant Plaintiffs leave to amend their Class Action Petition for

Damages within twenty (20) days, for the sole purpose of bringing their MMPA fraud claims into conformity with the heightened pleading requirements of Rule 9(b).

**B.      INJUNCTIVE RELIEF**

Defendants have also made a motion to strike Plaintiffs' prayer for injunctive relief. They argue that the requested relief cannot be granted, because it focuses on future students and the public at large, and not on the actual Plaintiffs. Defendants did not respond to Plaintiffs' argument.

Section 407.025.1 of Missouri Revised Statutes provides that, in a case arising under the MMPA, "[t]he court . . . may provide such equitable relief as it deems necessary or proper." While injunctive relief is clearly a type of equitable relief authorized by the statute, the remedy is limited in that it only "provide[s] an avenue for a private plaintiff, who has suffered an ascertainable loss, . . . to bring a private cause of action seeking *individual* redress for the wrongs perpetrated against him, in violation of the [MMPA]." *Scott v. Blue Springs Ford Sales, Inc.*, 215 S.W.3d 145, 161 (Mo. Ct. App. 2006) (emphasis added). Further, "individual plaintiffs . . . are not empowered to seek injunctive relief to protect the public from unlawful acts." *Id.* at 162.

In this case, Plaintiffs requested injunctive relief, enjoining Defendants from utilizing deceptive and unfair business practices in the future. As each of the named Plaintiffs has already graduated from one of the Criminal Justice Degree Programs at Sanford Brown College, such an injunction would have no effect on the Plaintiffs, as individuals. Rather, the relief would serve only to protect future students of the Programs and the public at large. Thus, the requested injunctive relief is not the relief intended to be granted under the MMPA and Plaintiffs' prayer for injunctive relief is stricken.

## IV. CONCLUSION

Plaintiffs failed to comply with Rule 9(b)'s heightened pleading requirements, so their claims for fraud under the MMPA are dismissed without prejudice. Plaintiffs are granted twenty (20) days to amend their Petition for Class Action Damages, for the purpose of bringing their claims into conformity with Rule 9(b). Additionally, Plaintiffs' prayer for injunctive relief is stricken, as the requested relief would serve only to protect future students and the public at large.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **GRANTED**. Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE** and Plaintiffs are granted twenty (20) days, until February 9, 2009, to amend their Petition for Class Action Damages. Plaintiffs' prayer for injunctive relief is stricken.

Dated this 20th Day of January, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE